## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER L. FRITZ, | |
|                 Plaintiff, | CIVIL ACTION NO. 3:20-CV-00847 |
|    v. | (MEHALCHICK, M.J.) |
| COMMISSIONER OF SOCIAL SECURITY, | |
|                 Defendant. | |

### MEMORANDUM

Plaintiff Heather L. Fritz brings this action under section 1631(c) of the Social Security Act, 42 U.S.C. § 1383(c) for judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act. For the following reasons, the undersigned shall order the Commissioner's decision be **AFFIRMED.**

### I.   BACKGROUND AND PROCEDURAL HISTORY

On March 30, 2018, Fritz filed an application under Title XVI for supplemental security income benefits, claiming disability beginning April 27, 2017. (Doc. 15-2, at 17). The Social Security Administration initially denied the application on June 20, 2018, prompting Fritz's request for a hearing, which Administrative Law Judge (ALJ) Richard Zack held on May 3, 2019. (Doc. 15-2, at 17). In a June 26, 2019 written decision, the ALJ determined that Fritz is not disabled and therefore not entitled to benefits or income under Title XVI. (Doc. 15-2, at 17-27). The Appeals Council subsequently denied Fritz's request for review. (Doc. 15-2, at 2).

On May 26, 2020, Fritz commenced the instant action. (Doc. 1). The Commissioner

responded on November 9, 2020, providing the requisite transcripts from Tavarez's disability proceedings. (Doc. 14; Doc. 15). The parties then filed their respective briefs, with Fritz raising two principal bases for reversal or remand. (Doc. 16; Doc. 19; Doc. 21).

## II.   STANDARDS OF REVIEW

To receive benefits under XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909. To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a).[1]

### A.   ADMINISTRATIVE REVIEW

The "Social Security Administration, working through ALJs, decides whether a claimant is disabled by following a now familiar five-step analysis." *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 200–01 (3d Cir. 2019). The "burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security." *Hess*, 931 F.3d at 201; *see* 20 C.F.R. § 416.912(a)(1). Thus, if the claimant establishes an inability to do past relevant work at step four, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform

---

[1] A "physical or mental impairment" is defined as an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

consistent with his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. § 416.912(a)(1).

B.   JUDICIAL REVIEW

The Court's review of a determination denying an application for Title XVI benefits is limited "to considering whether the factual findings are supported by substantial evidence." *Katz v. Comm'r Soc. Sec.*, 798 F. App'x 734, 736 (3d Cir. 2019). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). The quantum of proof is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial if the ALJ ignores countervailing evidence or fails to resolve a conflict created by such evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

The question before the Court, therefore, is not whether Fritz is disabled, but whether the Commissioner's determination that Fritz is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status

of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). If "the ALJ's findings of fact . . . are supported by substantial evidence in the record," the Court is bound by those findings. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

## III.   THE ALJ'S DECISION

In his written decision, the ALJ determined that Fritz "has not been under a disability, as defined in the Social Security Act, since March 30, 2018, the date the application was filed." (Doc. 15-2, at 27). The ALJ reached this conclusion after proceeding through the five-step sequential analysis provided in 20 C.F.R. § 416.920(a).

### A.   STEP ONE

At step one of the five-step analysis, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If a claimant is engaging in substantial gainful activity, the claimant is not disabled, regardless of age, education, or work experience. 20 C.F.R. § 416.920(b). Substantial gainful activity is defined as work activity requiring significant physical or mental activity and resulting in pay or profit. 20 C.F.R. § 416.972. The ALJ must consider only the earnings of the claimant. 20 C.F.R. § 416.974. Here, the ALJ determined that Fritz "has not engaged in substantial gainful activity since March 30, 2018, the application date," and therefore proceeded to step two of the analysis. (Doc. 15-2, at 20)

### B.   STEP TWO

At step two, the ALJ must determine whether the claimant has a medically determinable impairment – or a combination of impairments – that is severe and meets the

12-month duration requirement. 20 C.F.R. § 416.920(a)(4)(ii). If the ALJ determines that a claimant does not have an impairment or combination of impairments that significantly limits the claimant's "physical or mental ability to do basic work activities," the ALJ will find that the claimant does not have a severe impairment and is therefore not disabled. 20 C.F.R. § 416.920(c). If, however, a claimant establishes a severe impairment or combination of impairments, the ALJ proceeds to consider step three. Here, the ALJ found that Fritz has two severe impairments: hidradenitis suppurativa and depression/anxiety. (Doc. 15-2, at 20).

### C.   STEP THREE

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in the version of 20 C.F.R. § Pt. 404, Subpt. I, App. 1 that was in effect on the date of the ALJ's decision. 20 C.F.R. § 416.920(a)(4)(iii), 416.925, 416.926. The sections in this appendix are commonly referred to as "listings." If the ALJ determines that the claimant's impairment or impairments meet a listing, then the claimant is considered disabled, otherwise the ALJ must proceed to and analyze the fourth step of the sequential analysis. 20 C.F.R. § 416.920(d). Here, the ALJ determined that none of Fritz's impairments, considered individually or in combination, meets or equals the severity of a listed impairment. (Doc. 15-2, at 20). The ALJ considered listings 8.06 – hidradenitis suppurativa, 12.04 – bipolar and related disorders, and 12.06 – anxiety and obsessive-compulsive disorders. (Doc. 15-2, at 20-22).

### D.   RESIDUAL FUNCTIONAL CAPACITY

Between steps three and four, the ALJ evaluates the claimant's residual functional capacity (RFC), crafted upon consideration of all the evidence presented. At this intermediate step, the ALJ considers all claimant's symptoms and "the extent to which [they] can reasonably be accepted as consistent with the objective medical evidence and other evidence."

20 C.F.R. § 416.929(a). This involves a two-step inquiry according to which the ALJ must (1) determine whether an underlying medically determinable mental impairment or impairments could reasonably be expected to produce the claimant's symptoms; and, if so, (2) evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations. *See* 20 C.F.R. § 416.929(b)–(c).

Here, the ALJ found that while Fritz's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Doc. 15-2, at 24). The ALJ concluded that Fritz had the RFC "to perform sedentary work as defined in 20 C.F.R. § 416.967(a) except [she] can sit for six to eight hours in an eight-hour workday and she can stand and/or walk for two hours in an eight-hour workday." (Doc. 15-2, at 22). The ALJ also limited Fritz to occasional climbing of stairs and ramps, balancing, kneeling, crouching, crawling, and stooping; but never climbing on ladders, ropes, and scaffolding, working at unprotected heights, operating dangerous moving machinery, and being exposed to excessive vibrations. (Doc. 15-2, at 22). Additionally, the ALJ noted that Fritz can continuously use her upper extremities for reaching in front and laterally, handling, fingering, and feeling; along with understanding, remembering, and carrying out simple instructions, making simple work-related decisions, and occasionally interacting with supervisors, co-workers, and the public. (Doc. 15-2, at 22).

E.   STEP FOUR

Step four requires the ALJ to determine whether the claimant had, during the relevant period, the RFC to perform the requirements of his or her past relevant work regardless of the

6

claimant's age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(iv). Past relevant work is work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. § 416.920(a)(4)(iv). The ALJ considers whether the claimant retains the capacity to perform the particular functional demands and job duties of the past relevant work, either as the claimant actually performed it or as ordinarily required by employers throughout the national economy. *Garibay v. Comm'r Of Soc. Sec.*, 336 F. App'x 152, 158 (3d Cir. 2009) (quoting SSR 82–6). "If the claimant can perform [her] past relevant work despite [her] limitations, [she] is not disabled." *Hess*, 931 F.3d at 202 (citing 20 C.F.R. § 404.1520(a)(4)(iv)); *see also* 20 C.F.R. § 416.920(a)(4)(iv). Here, the ALJ determined that Fritz is unable to perform any past relevant work, including working as a night auditor/front desk clerk or a cashier/checker. (Doc. 15-2, at 25). Thus, the ALJ proceeded to step five of the sequential analysis. (Doc. 15-2, at 25).

F.    STEP FIVE

At step five of the sequential analysis, the ALJ considers the claimant's age, education, and work experience to determine whether the claimant can make the adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). A claimant who can adjust to other work is not disabled. 20 C.F.R. § 416.920(a)(4)(v). Here, considering Fritz's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Fritz can perform. (Doc. 15-2, at 26). In making this determination, the ALJ relied on the vocational expert's testimony that Fritz is able to perform the requirements of occupations such as a bench assembler, an inspector, and a system monitor, all with open positions ranging from 135,390 to 537,000 nationally. (Doc. 15-2, at 26). Accordingly, the ALJ determined that Fritz is not disabled and denied her application for benefits. (Doc. 15-2,

at 26-27).

## IV.   DISCUSSION

Plaintiff submits two grounds for reversal of the ALJ's decision. (Doc. 16). First, she states that the ALJ's lack of analysis regarding the applicability of listing 8.06, concerning hidradenitis suppurativa, should mean that the ALJ failed to support his decision with substantial evidence. (Doc. 16, at 3-6). Second, she asserts that the ALJ improperly discounted the opinion of consultative examiner Jennifer Betts, Psy.D. (Doc. 16, at 6-11). Defendant responds that the ALJ adequately addressed the applicability of listing 8.06 and substantial evidence supports the ALJ's conclusion on that matter. (Doc. 19, at 10-14). Additionally, Defendant asserts that the ALJ was justified in finding Dr. Betts's opinion unpersuasive. (Doc. 19, at 14-20).

### A.   THE ALJ SUFFICIENTLY ANALYZED LISTING 8.06

According to Plaintiff, the ALJ's decision that she did not meet the requirements of listing 8.06 is not supported by substantial evidence because "the ALJ merely recited the requirements of the listing itself, without any analysis." (Doc. 16, at 3). Plaintiff asserts that the ALJ was obligated to discuss the evidence and explain his reasoning, which he did not do. (Doc. 16, at 5). Defendant submits that the ALJ properly explained why Plaintiff did not meet listing 8.06. (Doc. 19, at 10-14).

The ALJ, in step three of the decision, must determine whether the claimant's severe impairment or combination of impairments meets or equals the medical equivalent of a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii), 416.925, 416.926. Any ALJ conclusion must be capable of judicial review. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). For the conclusion to be capable of judicial review, the ALJ must set forth the reasons

8

for the decision. *Burnett*, 220 F.3d at 119.

Listing 8.06 calls for a finding of disability for "[h]idradenitis suppurativa, with extensive skin lesions involving both axillae, both inguinal areas or the perineum that persist for at least 3 months despite continuing treatment as prescribed."[2] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 8.06. "Extensive skin lesions" must involve multiple body sites or critical body areas and result in a very serious limitation. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 8.00. Very serious limitations include, but are not limited to, interference with joint mobility which very seriously limits use of more than one extremity, very serious limitations on ability to do fine and gross motor movements, and very serious limitations on the ability to ambulate. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 8.00.

ALJ decisions must be "read as a whole" when assessing whether they are supported by substantial evidence. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The ALJ is not required to use any "particular language ... or format"; rather, the only requirement is that "there is sufficient development of the record and explanation of findings to permit meaningful review." *Barnhart*, 364 F.3d at 505. "The ALJ's evaluation of the evidence must appear in the decision but need not appear specifically in the Listings discussion." *Faust v. Berryhill*, No. 3:17-CV-1236, 2019 WL 522692, at *4 (M.D. Pa. Feb. 11, 2019) (citing *Cop v. Comm'r of Soc. Sec.*, 226 F. App'x 203, 208 (3d Cir. 2007)).

In considering listing 8.06, the ALJ wrote that "the claimant did not have hidradenitis suppurativa involving extensive skin lesions involving both axillae, both inguinal areas or the

---

[2] The "inguinal area" is the groin. Lanna Cheuck, DO, *Inguinal Region Anatomy*, Medscape (Aug. 15, 2017), https://emedicine.medscape.com/article/2075362-overview#:~:text=The%20inguinal%20region%20of%20the,iliac%20spine%20(ASIS)%20superolaterally.

perineum that persist for at least 3 months despite continuing treatment as prescribed." (Doc. 15-2, at 20). The ALJ discusses the evidence used to support his Step Three conclusion regarding listing 8.06 in his discussion of Plaintiff's RFC. (Doc. 15-2, at 24-25). "The physical examinations in the record do not document inflammation, cysts, or skin outbreaks alleged by the claimant," according to the ALJ. (Doc. 15-2, at 24). The ALJ also wrote that no physical examination showed impaired gait or weakness in upper or lower extremities, and Fritz spends her days watching TV and movies so is capable of work in a sedentary position. (Doc. 15-2, at 24-25). This constitutes analysis capable of judicial review, thus the ALJ met its obligation under *Burnett*. *See Burnett*, 220 F.3d at 119. Plaintiff does not challenge the adequacy of the ALJ's step three analysis, only that the analysis did not exist. (Doc. 16, at 3-6). Since evaluation of step three evidence "need not appear specifically in the Listings discussion," and the ALJ *did* evaluate step three evidence in the RFC discussion, this matter shall not be remanded on grounds that the ALJ's step three analysis was beyond judicial review. *See Faust*, 2019 WL 522692, at *4.

B.   THE ALJ'S TREATMENT OF DR. BETTS'S OPINION WAS JUSTIFIED

Plaintiff's second ground for remand is that the opinion of consultative examiner Jennifer Betts, Psy.D, was improperly evaluated by the ALJ. (Doc. 16, at 6-11). The ALJ baselessly rejected Dr. Betts's opinion that Fritz would have difficulties interacting with co-workers and the public due to her mental health impairments, according to Plaintiff. (Doc. 16, at 7-8). Plaintiff submits that, contrary to the ALJ's conclusion, Dr. Betts's opinion is well-supported by her examination findings. (Doc. 16, at 8-11). Defendant asserts that the ALJ simply gave more weight to the findings of the DDS State Agency consultant and that Plaintiff now asks the Court to reweigh the evidence. (Doc. 19, at 18). According to Defendant, the

ALJ sufficiently explained his rationale for discounting Dr. Betts's opinion. (Doc. 19, at 18-20).

New Social Security Administration regulations governing the evaluation of medical evidence were effectuated in March 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844 (Jan. 18, 2017). The new regulations state that the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.920c(a). The weight given to a medical opinion now depends largely on that opinion's consistency and supportability, which are the same factors that formed the foundation of the rule which prioritized the opinion of a treating source. *Densberger v. Saul*, No. 1:20-CV-772, 2021 WL 1172982, at *8 (M.D. Pa. Mar. 29, 2021) ("An ALJ is specifically required to 'explain how [he or she] considered the supportability and consistency factors' for a medical opinion."). These factors must be addressed in the decision. 20 C.F.R. § 920c(b)(2). In addition to consistency and supportability, the ALJ must consider – but need not explain – the medical source's relationship with the claimant, specialization, and any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.920c(a). "[W]hen the ALJ has found two or more medical opinions to be equally well supported and consistent with the record, but not exactly the same, the ALJ must articulate how he or she considered [the remaining] factors…" *Densberger*, 2021 WL 1172982, at *8.

Here, the ALJ considered Dr. Betts's opinion inconsistent with her findings because her mental status examination findings were "rather benign," while she opined that Plaintiff has marked limitations in interacting with supervisors, co-workers, and the public, and her

ability to respond appropriately to changes in the work setting. (Doc. 15-2, at 25). This conclusion by the ALJ is supported by the record. The ALJ cites the opinion of State Agency psychological consultant Edward Jonas, PhD, (Dr. Jonas), which he found persuasive. (Doc. 15-2, at 25). Dr. Jonas opined that "[Dr. Betts's] opinions in the areas of making personal/social adjustments and making other task-related activities are not supported by the totality of the evidence in the file and are viewed as an overestimate of the claimant's functional limitations." (Doc. 15-3, at 41). In discussing Dr. Betts's findings, the ALJ noted that Dr. Betts viewed Plaintiff as cooperative, with intact concentration, attention, and memory. (Doc. 15-2, at 23; Doc. 15-9, at 93-94). Additionally, Dr. Betts found that Plaintiff's manner of relating, social skills, and overall presentation was fair to poor. (Doc. 15-2, at 23; Doc. 15-9, at 93). It is not unreasonable to consider these findings "relatively benign," and so the ALJ had sufficient basis on which to conclude that Dr. Betts's opinion was inconsistent with her examination findings. (Doc. 15-2, at 23, 25; Doc. 15-9, at 93-94); *see Pierce*, 487 U.S. 565 (holding that substantial evidence is that which a reasonable mind could accept as adequate to support a conclusion). Furthermore, it is reasonable for an ALJ to limit a claimant to "occasional" interaction with supervisors, co-workers, and the public based on "marked" limitation to interact. *Tooley v. Colvin*, No. 3:14-CV-1840, 2015 WL 3866061, at *4 (M.D. Pa. Jun. 23, 2015) ("Simply because the Medical Source Statement form Dr. Timchak completed indicated that plaintiff had marked limitation in her ability to interact with co-workers, does not mean that plaintiff was completely precluded from having any interaction with co-workers."). As such, any error on this matter would be harmless.

As such, this case shall not be remanded on the ground that the ALJ's consideration of Dr. Betts's opinion was not supported by substantial evidence.

V.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Commissioner's decision to deny Plaintiff's application for benefits be **AFFIRMED**, final judgment be issued in favor of Defendant, and the Clerk of Court close this case.

An appropriate Order follows.


Dated: **August 13, 2021**                    *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **Chief United States Magistrate Judge**

13